B104 (Form 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NO.** |
|---|---|

| **PLAINTIFF(S)**<br>TOMER DAFNA | **DEFENDANT(S)**<br>JACK HAZAN |
|---|---|

| **ATTORNEY(S)** (Firm Name, Address, Telephone No.)<br>ROBINSON BROG LEINWAND GREENE<br>GENOVESE & GLUCK<br>875 THIRD AVENUE<br>NEW YORK, NEW YORK 10022<br>212 603 6300 | **ATTORNEY(S)** (If Known)<br>WHITE & WOLNERMAN<br>950 THIRD AVENUE, 11TH FLOOR<br>NEW YORK, NEW YORK<br>212 308 0667 |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☑ Creditor    ☐ Trustee    ☐ Other | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee<br>☐ Creditor    ☐ Trustee    ☐ Other |
|---|---|

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER SECTIONS 523(a)(2)(A) AND 523 (a)(6) OF THE BANKRUPTCY CODE.

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☐ 13 – Recovery of money/property - § 548 fraudulent transfer
☐ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge – § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☑ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☑ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand:  $ 800,000 |

Other Relief Sought:

B104 (Form 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>JACK HAZAN | BANKRUPTCY CASE NO.<br><br>15-41018 | |
| DISTRICT IN WHICH CASE IS PENDING<br><br>EDNY | DIVISION OFFICE<br><br>BROOKLYN | NAME OF JUDGE<br><br>LORD |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ A. Mitchell Greene | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>A. MITCHELL GREENE<br>COUNSEL TO TOMER DAFNA | |
| DATE<br><br>6/16/15 | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet.  When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party.**  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**Robinson Brog Leinwand Greene
Genovese & Gluck P.C.**
875 Third Avenue, 9th Floor
New York, NY 10022
Tel. No.:  212-603-6300
Co-counsel to Tomer Dafna

and

**Goldberg & Rimberg PLLC**
115 Broadway, 3rd Floor
New York, New York 10006
Tel. No.:  212-697-3250
Co-counsel to Tomer Dafna

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------- X
                                                          :    Chapter 7
In re:                                                    :
                                                          :    Case No.: 15-41018-nhl
**JACK HAZAN,**                                           :
                                                          :
                         **Debtor.**                      :
--------------------------------------------------------- X
**TOMER DAFNA.,**                                         :
                                                          :
                         **Plaintiff,**                   :
                                                          :
             -vs.-                                        :
                                                          :
**JACK HAZAN,**                                           :    Adv. Pro. No.:
                         **Defendant.**                   :
--------------------------------------------------------

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

   Plaintiff  TOMER DAFNA ("DAFNA" or  the "Plaintiff") by its attorneys, Robinson

Brog Leinwand Greene Genovese & Gluck P.C. and Goldberg & Rimberg PLLC, as and for its

complaint against Jack Hazan ("Debtor" or "Defendant"), alleges, on knowledge as to itself and

to all other matters on information and belief, as follows:

**Jurisdiction and Venue**

1.      This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §§523(a)(2)(A) and (a)(6) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure.

2.      On March 10, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

3.      Debra Kramer has been appointed chapter 7 trustee of the Debtor's estate.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1334(b) and §157(b).

5.      This action is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

6.      This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409(a).

**The Parties**

7.      The Plaintiff is an individual residing in the State of New York, with an address in Nassau County, New York 11210.   The Debtor is an individual who resides at 1824 E. 3rd Street, Brooklyn, NY 11223.

**Background Facts**

8.      Upon information and belief, 241 Fifth Avenue Hotel, LLC ("241 Fifth Avenue") is a limited liability company organized and existing under the laws of Delaware, whose members are the Debtor and Dan Shavolian ("Shavolian").

9.      241 Fifth Avenue is the plaintiff in the action styled *241 Fifth Ave. Hotel, LLC v. GSY Corp. and Jack Hazan*, NY Sup. Ct., Index No. 110513/10 (the "241 Fifth Avenue Action").

10.      Upon information and belief, at all times hereinafter mentioned, Shavolian is an individual who resides and/or transacts business at 501 Fifth Avenue, Ste. 1605, New York, New York 10017.

11.      Beekman Partners Group, LLC, Beekman Conduit LLC, Beekman Development Associates LLC, Nassau Beekman LLC, Hazak Associates LLC, Glenn McDermott, Dan Shavolian are cross-claim defendants (the "Cross-Claim Defendants") in the 241 Fifth Avenue Action.

12.      Upon information and belief, Hazak Associates LLC ("Hazak"), is a Limited Liability Company organized and existing under the laws of New York, whose members are the Debtor and Shavolian.

13.      Terri Oved ("Terri") is an attorney licensed to practice law in the State of New York.

14.      Terri is a member of the law firm of Oved & Oved ("Oved & Oved"), which is located at 401 Greenwich St., New York, NY 10013.

15.      Oved & Oved has represented the interests of the 241 Fifth Avenue, the Debtor, and the Cross-Claim Defendants.

16.      Oved & Oved and its partners Terri Oved and Darren Oved ("Darren") had actual knowledge that the Debtor was either a member of 241 Fifth Avenue or a member of Hazak, which had a 50% interest in 241 Fifth Avenue.

17.    Oved & Oved, Terri and Darren had actual knowledge of the assorted ownerships interests of the Debtor and Shavolian in 241 Fifth Avenue and the Cross-Claim Defendants, shared by and between themselves.

18.    At the behest of the Debtor, Terri recommended to Dafna that Dafna fund a $1 million bridge loan (the "Loan") to be made to the Debtor.

19.    At the time the "Loan" was made, Terri represented to Dafna that the funds were to be used as a bridge loan, with respect to a Beekman real estate project that the Debtor had an interest in.

20.    At the time Terri arranged for the "Loan," the Debtor was a client of Oved & Oved.

21.    At the time Terri arranged for the "Loan," Dafna was a client of Oved & Oved.

22.    At the time that Terri arranged for the "Loan," Dafna was not aware that the Debtor was a client of Terri.

23.    At the time Terri arranged for the "Loan," Terri represented to Dafna that the short term bridge loan was secured and that he had done due diligence respecting the *bona fides* of the Debtor and Terri represented based on his personal knowledge of Debtor that the "Loan" would be repaid.

24.    In or around the time the Loan was funded, Dafna was provided with documents that purported to protect the repayment of the "Loan" to Debtor.

25.    At the time that Terri sought the participation of Dafna in making the Loan, Terri represented to Dafna that he was acting at the behest of Debtor and had no pecuniary interest in the contemplated transaction.

26.     Terri represented to Dafna that he had actual knowledge that the Debtor had an interest in certain real estate entities from which repayment of the "Loan" could be ensured.

27.     Oved & Oved breached its fiduciary to Dafna because of its conflicted representation of Dafna and the Debtor during its representation of Dafna during the transactions contemplated herein.

28.     Similarly, Oved & Oved breached its fiduciary duty to GSY Corp. ("GSY"), another creditor of the Debtor.  On January 23, 2015, the First Appellate Division of the State of New York issued a decision stating that Oved & Oved breached its fiduciary to GSY because of its conflicted representation of GSY and the Debtor in preparing a loan transaction similar to the Loan between Dafna and the Debtor.

29.     Terri drafted all the documents relating to the Loan.

30.     Under the terms of the Loan, the Loan was to be repaid approximately 30 days after the "Loan" was funded.

31.     Terri represented that the Loan was being utilized by Debtor to extend a contract on the Beekman deal.

32.     Terri acted as the agent of the Debtor.

33.     The Debtor through his agents made false and misleading statements with the intent to deceive Dafna in order to induce Dafna to fund the Loan in accordance with Debtor's direction.

34.     The Debtor through his agents represented that the Loan was going to be secured by valuable real property.

35.     Dafna reasonably and justifiably relied on the representations of the Debtor and Terri, who acted as a fiduciary to all parties, including the Debtor, and as an agent to the Debtor.

These representations, which were false, included that the Loan would be properly documented and secured by the assets of the Debtor.

36.    In or around the time funds for the Loan were wired in accordance with the directions of Terri and the Debtor, the documents purportedly securing the Loan were furnished to Dafna.

37.    Under the Loan documents as prepared by Terri, the money for the "Loan" was to be repaid within 30 days of the making of the "Loan."

38.    Pursuant to a joint request by Debtor and Terri for additional time to repay the "Loan," Dafna extended the repayment date of the "Loan" for a period of an additional 30 days from the initial due date.

39.    Debtor defaulted in the payment of its "Loan" obligation to Dafna as required under the loan agreements.

40.    After this default, Dafna made demand for repayment of the "Loan" to the Debtor and Terri.

41.    After this default, the Debtor reaffirmed his personal obligation to repay the Loan and offered to give Dafna additional security to ensure repayment of the "Loan."

42.    At some point, the Debtor paid down the "Loan" by $200,000.00 and promised that the remaining $800,000.00 would be repaid from other investments in which Debtor had an interest.

43.    The Debtor continually pushed off the efforts of Dafna to collect the outstanding "Loan" by making promises that he could not and had no intentions on keeping.

44.    The Debtor represented to Dafna that he would repay the "loan" from the proceeds of the sale of one of his real estate holdings known as Beekman.  The Debtor sold the

holding to an investor named Joseph Chetrit/Chetrit Group (the "Chetrit Group") and after the transaction told Dafna that he (Debtor) could not repay the "Loan" from his interest in the sale of that property.

45.     Thereafter, the Debtor represented to Dafna that he would repay his obligation to Dafna from, among other holdings, a property known as 241 Fifth Avenue (the "241 Property").

46.     The Debtor has executed documents that were filed in prior proceedings, wherein he affirmed under penalties of perjury that he was a member of 241 Fifth Avenue.

47.     In an action styled *241 Fifth Ave. Hotel, LLC v 241 5TH Avenue LLC and Bryan Kishner, Esq. as Escrowee*, NY. Sup. Ct., Index number 601616/2007, where Oved & Oved represented 241 Fifth Avenue and the Debtor and the Debtor signed the verification of the complaint on behalf of 241 Fifth Avenue as a member of 241 Fifth Avenue.

48.     After the sale of the property to the Chetrit Group, Dafna requested that the Debtor assist him in purchasing the defaulted mortgage loan encumbering the 241 Property, property which was part of the plan by the Debtor to pay down the "Loan" that Dafna made to the Debtor.

49.     The Debtor represented that he would assist Dafna in his efforts to purchase the defaulted mortgage loan encumbering the 241 property and that he would work with Dafna so that the "Loan" could be repaid from monies realized from that transaction.

50.     The representations of Debtor were made to stall any action by Dafna so that he could ensure that Dafna would not become the assignee of the mortgage that encumbered the 241 Property.

51.     In a foreclosure action (pending against 241 Fifth Avenue, Shavolian and the Debtor) styled *Inland Mortgage v 241 Fifth Ave. Hotel, LLC, et al*, NY Sup. Ct., Index number

602765/2009 (the "Foreclosure Action"), Castro actively represented the 241 Fifth Avenue, Shavolian and the Debtor with respect to the loan and the limited personal guarantees given by the Debtor and Shavolian to guaranty a multi-million dollar loan given to the 241 Fifth Avenue. In order to resolve the Foreclosure Action, Shavolian, whom along with the Debtor, owned a 100% interest in Hazak, which in turn owned a 50% interest 241 Fifth Avenue, entered into a forbearance agreement (the "Forbearance Agreement") with Inland Mortgage, the original mortgagor on the 241 Property.

52.     The Forbearance Agreement and the rights to the 241 Property were subsequently assigned to a third-party who paid in excess of $20 million.  Of the $20 million purchase price, a portion went to pay off the foreclosing mortgagor and almost $11 million was distributed at the direction of Shavolian to third parties, including among others, Shavolian and the Debtor but not Dafna.

53.     As part of the scheme to defraud Dafna, the Debtor has defaulted in asserting his claim to a part ownership of 241 Fifth Avenue, and has not sought to have his partner Shavolian share with him any share of the proceeds received from the assignment of the Forbearance Agreement.

54.     241 Fifth Avenue has not filed any tax returns to evidence its true ownership nor to show any profits and losses, including the $11 million in proceeds from the Forbearance Agreement.

55.     Based on the sale/assignment of the Forbearance Agreement, the members of 241 Fifth Avenue have received a profit above their investment.

56.     The Debtor has contrived with Shavolian to shield any proceeds received by 241 Fifth Avenue from the sale/assignment of the Forbearance Agreement from the creditors of 241 Fifth Avenue (including Dafna) and the Debtor.

57.     As set out in the Bankruptcy schedules filed by Debtor in Debtor's pending Bankruptcy proceeding, the Debtor lists a judgment entered against the Debtor in favor of Dafna in the amount of $800,000.00 (the "Judgment").  The Judgment is currently scheduled on the Debtor's schedule F.

58.     The Debtor, 241 Fifth Avenue and the Cross-Claim Defendants have knowingly acted to defraud and defeat the rights of Dafna to recover repayment of the Loan from the assets of 241 Fifth Ave.

## FIRST CAUSE OF ACTION

59.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1- 58 of the Complaint as if set forth at length herein.

60.     The Loan was procured by the Debtor through false pretenses, false representations and actual fraud.

61.     The Debtor through his conduct, the conduct of Terri, his agent, and the conduct of his partner Shavolian:  (a) concocted a scheme where the Debtor misrepresented material facts in order to induce Dafna to complete and fund the Loan;  (b) knowingly and willingly misrepresented material facts to Dafna; (c) these knowing misrepresentations created a contrived and misleading understanding of the Loan; and (d) which wrongfully induced Dafna to lend $1 million to the Debtor and causing damage to Dafna in that $800,000 of the Loan was never repaid.

62.     The Debtor through his conduct, the conduct of Terri, his agent, and the conduct of his partner Shavolian:  (a) made false and misleading statements with respect to the Loan; (b) with the intent to deceive Dafna; and (c) causing Dafna to loan $1 million to the Debtor and causing damage to Dafna in that $800,000 of the Loan was never repaid

63.     The Debtor committed actual fraud through his conduct, the conduct of Terri, his agent, and the conduct of his partner Shavolian, from which:  (a) the Debtor a obtained $1 million Loan from Dafna ; (b) the Debtor obtained the $1 million Loan through knowing and false representations, false pretenses, and actual fraud through his conduct, (c) the Debtor caused Dafna to reasonably and justifiably rely on the Debtor's representations, (d) the Debtor knew that his representations were false, (e) the Debtor made such representations with the intent to deceive Dafna; and (f) Dafna was injured and damaged by the Debtor's conduct in that $800,000 of the Loan was never repaid.

64.     By virtue of the foregoing, any and all debts owed by the Debtor to Dafna in an amount equal to the Judgment, should be excepted from the Debtor's discharge under section 523(a)(2)(A) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION

65.     The Plaintiff repeats and realleges the allegations contained in paragraphs 1-78 of the Complaint as if set forth at length herein.

66.     The Debtor willfully caused injury to Dafna by willfully and maliciously inducing Dafna to loan the Debtor $1 million, with no intention of repayment.

67.     The Debtor entered into multiple agreements with Dafna whereby the Debtor agreed to repay and secure the debt, however, the Debtor willfully and maliciously entered such

agreements with no intention of performing, which ultimately damaged Dafna in that $800,000 of the Loan was never repaid.

68.    By virtue of the foregoing, any and all debts owed by the Debtor to Dafna, in an amount equal to the Judgment, should be excepted from the Debtor's discharge under section 523(a)(6) of the Bankruptcy Code.

**WHEREFORE**, Dafna respectfully requests that the Court determine that the Judgment, be excepted from the Debtor's discharge in accordance with section 523(a)(2)(A) and 523(a)(6)of the Bankruptcy Code, along with such other and further relief as is just and proper.

Dated:  June 16, 2015  
    New York, New York

Robinson Brog Leinwand Greene Genovese & Gluck P.C.  
Co-counsel to Tomer Dafna  
875 Third Avenue, 9th Floor  
New York, NY 10022  
Tel. No.:  212-603-6300

By:  /s/ A. Mitchell Greene  
A. Mitchell Greene

and

Goldberg & Rimberg PLLC  
Co-counsel to Tomer Dafna.  
115 Broadway, 3rd Floor  
New York, New York 10006  
Tel. No.:  212-697-3250